UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JEFFREY A. WALKER : | |
|    Petitioner : | |
| : | PRISONER CASE NO. |
| V. : | 3:06-cv-146 (CFD) |
| : | |
| STATE OF CONNECTICUT : | |
| WARDEN SHULTZ, : | |
|    Respondents : | |

## RULING ON PETITION FOR WRIT OF HABEAS CORPUS

The petitioner is currently an inmate at the Fairton Federal Correctional Institution in Fairton, New Jersey, and filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging a 1978 Connecticut state conviction and sentence. For the reasons set forth below, the petition is dismissed.

On August 8, 1978, in the Connecticut Superior Court for the Judicial District of Fairfield at Bridgeport, the petitioner was convicted of a charge of assault in the third degree in violation of Conn. Gen. Stat. § 53(a)-72(a)(1) and was sentenced to one year of imprisonment. The petitioner did not appeal the conviction. (See Pet. Writ Habeas Corpus at 1-2.)

In 1995, the petitioner filed a Petition for Writ of Error Coram Nobis in state court challenging the 1978 conviction. In June 1995, a Connecticut Superior Court judge granted the respondent's motion to dismiss on the ground that the writ was barred by the three year statute of limitations. See Walker v. Connecticut, No. CV95 32 09 76 S, at *1 (Conn. Super. Ct. June 7, 1995). On October 24, 1995, the Connecticut Appellate Court affirmed the dismissal of the Writ of Error Coram Nobis and on January 29, 1996, the Connecticut Supreme Court denied the petition for certification to appeal the decision of

the Connecticut Appellate Court.  See Walker v. State, 39 Conn. App. 910, 665 A.2d 184 (1995), cert. denied, 236 Conn. 905, 670 A.2d 1305 (1996).

In April 1992, a jury in this court found the petitioner guilty of possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1) and on October 20, 1992, Judge Burns sentenced the petitioner to 292 months of imprisonment followed by a three year term of supervised release.  See United States v. Walker, Case no. 3:91CR55 (EBB) (D. Conn. Oct. 20, 1992).  The petitioner claims that his current federal sentence was unlawfully enhanced by the 1978 state conviction.[1]

A prerequisite to filing a petition for a writ of habeas corpus in federal court for relief from a state court conviction is that the petitioner be "in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a); 28 U.S.C. § 2241(c)(3).  A petitioner must first demonstrate that he is in custody pursuant to a state court judgment.  See Lackawanna County District Attorney v. Cross, 532 U.S. 394, 401 (2001).  The Supreme Court has interpreted this language to require that the "petitioner be 'in custody' under the conviction or sentence under attack at the time his petition is filed," Maleng v. Cook, 490 U.S. 488, 491-92 (1989) (citations omitted), or under a consecutive sentence imposed at the same time as the conviction or sentence under attack.  See Garlotte v. Fordice, 515 U.S. 39, 41 (1995).

The petitioner states that he is challenging his 1978 Connecticut conviction.  The petitioner received a sentence of one year.  It is apparent that the petitioner has already served his 1978 sentence.  Thus, the petitioner is no longer in custody pursuant to that

---

[1] Petitioner was deemed an armed career criminal pursuant to 18 U.S.C. § 924(e).

sentence and the court lacks jurisdiction to entertain this action.

In Maleng, the Supreme Court held that a habeas petitioner does not remain "'in custody' under a conviction after the sentence imposed for it has fully expired, merely because" that conviction had been used to enhance a subsequent sentence. 490 U.S. at 493. The Court acknowledged, however, that Maleng had "satisfied the 'in custody' requirement for federal habeas jurisdiction" because his 2254 petition "[could] be read as asserting a challenge to [his present sentences,] as enhanced by the allegedly invalid prior conviction." Id. at 493-94. Thus, it is permissible for a court to consider a § 2254 petition as a challenge to petitioner's current sentence as enhanced by an improper prior conviction. See Lackawanna County District Attorney, 531 U.S. at 401-02.

Any challenge to petitioner's present federal sentence as enhanced by the allegedly invalid 1978 state conviction must be made by filing a motion to vacate or set aside his sentence pursuant to 28 U.S.C. § 2255 in the federal court in which the petitioner was sentenced. Here, the docket sheet of petitioner's federal criminal case reflects that he filed a motion to vacate or set aside sentence in April 1997. See United States v. Walker, Case no. 3:91CR55 (EBB) (D. Conn. filed April 23, 1997). In November 1997, the court denied the motion on the merits. See id., slip op. (D. Conn. April 14, 1997). The petitioner filed a second motion to vacate or set aside sentence on September 12, 2005. The court denied the motion on September 22, 2005, because the petitioner had failed to obtain permission by the U.S. Court of Appeals for the Second Circuit to file a successive petition. See Walker v. United States, Case no. 3:05cv1446 (EBB), slip op. at 1 (D. Conn. Sept. 22, 2005).

The district court has no power to entertain a second or successive section 2255

motion unless the appropriate court of appeals has authorized the filing of that motion in the district court. See 28 U.S.C. § 2244(b)(3); Nelson v. United States, 115 F.3d 136, 136 (2d Cir. 1997) (per curiam) (vacating "for lack of jurisdiction" a district court judgment that dealt with a successive § 2255 motion "on its merits" where that Court had not granted authorization for the filing of that motion). When the court determines that a petition raises only claims which are properly brought under section 2255, that the petitioner has filed a prior section 2255 motion which was dealt with on the merits, and that the petitioner has not obtained authorization from the court of appeals to file a second petition, the district court must transfer the motion to the Court of Appeals. See Liriano v. United States, 95 F.3d 119, 123 (2d Cir. 1996) (per curiam); Torres v. Senkowski, 316 F.3d 147, 151 (2d Cir. 2003) (same, with respect to state prisoner's petition under § 2254).

Because the petitioner's prior section 2255 motion was decided by this court on the merits, this Court must follow the directive given to district courts in Liriano and Torres and transfer this petition, which challenges his present federal sentence as enhanced by his prior 1978 state conviction, to the United States Court of Appeals for the Second Circuit in the interest of justice, pursuant to 28 U.S.C. § 1631.

**CONCLUSION**

In accordance with the requirements of 28 U.S.C. § 2255 and pursuant to 28 U.S.C. § 1631, the Clerk is directed to transfer this case to the United States Court of Appeals for the Second Circuit to enable that court to determine whether the claims raised in this petition should be considered by the district court.

**SO ORDERED.**

Dated this 27th day of December, 2006, at Hartford, Connecticut.


/s/ Christopher F. Droney
Christopher F. Droney
United States District Judge